IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY L. COLLINS | ) |
| | ) |
| v. | ) NO. 3-11–0264 |
| | ) JUDGE CAMPBELL |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., | ) |
| et al. | ) |

ORDER

Pending before the Court is a Motion for a Preliminary Injunction (Docket No. 2) filed by Plaintiff Jimmy L. Collins. The Motion asks this Court to issue a preliminary injunction enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them from directly or indirectly selling, attempting to sell, or causing to be sold Plaintiff's property.

The Court held a hearing on the Motion on April 4, 2011, which was attended by Plaintiff and counsel for the Defendants.

For the reasons described below, the Motion for Preliminary Injunction is DENIED.

Plaintiff alleges in his Complaint that Defendants lack standing to foreclose on Plaintiff's property, and furthermore Plaintiff alleges that Mortgage Electronic Registration Systems ("MERS") is not the original lender on Plaintiff's loan and Plaintiff is in no way indebted to MERS. (Docket No. 1).

On March 23, 2011, Judge Trauger issued a temporary restraining order (Docket No. 7). The temporary restraining order provided that because no paper work had been furnished to Plaintiff transferring the note to CitiMortgage and because there was a multidistrict litigation proceeding

pending which questioned the authority of MERS in connection with foreclosure sales, the Court had sufficient questions about the legitimacy of the foreclosure proceeding.

In support of his Motion for a Preliminary Injunction, Plaintiff has submitted no additional evidence.

In opposition to the Motion for a Preliminary Injunction, Defendants have submitted the following evidence: the Assignment of Deed of Trust from MERS to CitiMortgage Inc. (Docket No. 13-1), the Note (Docket No. 13-2), and a Residential Lease Agreement between Plaintiff Jimmy Collins and Clifford E. Peek (Docket No. 13-6).

In determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result without an injunction; (3) whether issuance of a preliminary injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997).

Based on the Motion, pleadings, exhibits, briefs, representations of Plaintiff and Defendants' counsel and the entire record, the Court finds:

(1) Plaintiff has not demonstrated a strong or substantial likelihood of success on the merits of his claims. Specifically, the Court finds Defendants have provided documentation to show an assignment from MERS to CitiMortgage, and to show that the multidistrict litigation that was pending in the U.S. District Court for Arizona was resolved in favor of MERS.

(2) Plaintiff has not demonstrated that he will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending trial. Specifically, the Court finds

there is a Rental Lease Agreement between Plaintiff and Mr. Peek which runs from July 1, 2010, through June 30, 2011, and therefore someone other than Plaintiff has tenants' rights in the property in question;

      (3)      The balance of relative harms among the parties weighs against Plaintiff; and

      (4)      The public interest will not be harmed by injunctive relief pending trial.

Under Fed. R. Civ. P. 34, the Court orders Defendants to produce and make available for Plaintiff's inspection, the original note and assignment of deed of trust by April 18, 2011. The Motion for Production of Documents (Docket No. 4) is referred to the Magistrate Judge.

This case is set for trial by contemporaneous order. Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1)(A) and (B), this case is referred to the Magistrate Judge for entry of a scheduling order; for decision on all pretrial, nondispositive motions; and for reports and recommendations on all dispositive motions; and for reports and recommendations on all dispositive motions.

IT IS SO ORDERED.

                                                              TODD J. CAMPBELL
                                                             UNITED STATES DISTRICT JUDGE