UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY L. COLLINS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-cv-00264 |
| | ) Judge Sharp |
| MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Jimmy L. Collins, Jr., proceeding *pro se*, brings a host of civil and criminal claims alleging that Defendants wrongfully instituted foreclosure proceedings on his home. The Magistrate Judge has entered two Reports and Recommendations ("R&Rs") in which he recommends dismissal of this action against all Defendants.

In the first R & R (Docket No. 86), the Magistrate Judge recommends that the Motion to Dismiss filed by Defendants Wilson & Associates, PLLC, and Shellie Wallace (Docket No. 30) be granted. In the second R & R (Docket No. 87), the Magistrate Judge recommends that the Motion to Dismiss filed against Defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., (collectively "MERS") and CitiMortgage, Inc. ("CityMortgage") (Docket No. 70) be dismissed, and that, because these are the last remaining Defendants in this case, "an Order be issued terminating the lien *lis pendens* placed on the property by Plaintiff on March 24, 2011, with direction that the Order be filed with the Register of Deeds in which the lien *lis pendens* was originally filed." (Id. at 13). Plaintiff has filed Objections (Docket No. 90) only to the second R &

1

R.

Because each R & R deals with a dispositive motion, this Court's review is *de novo*. Fed. R. Civ. P. 72(b). Having reviewed the entire record, the Court will accept the recommended dismissal of Plaintiff's Complaint as to all Defendants, and the recommended termination of the *lis pendens* notice.

In reviewing the entire record, the Court has thoroughly considered Plaintiff's Objections to the second R & R, and finds none of his arguments persuasive, although a couple of points are worthy of note.

Plaintiff claims that he never received the Motion to Dismiss filed by MERS and CitiMortgage, and that "Defendants were supposed to have sent Plaintiff copies of every motion filed pursuant [to] Fed. R. Civ. P., which requires that a copy of any filing made with the court be sent to the opposing party, with a certification stating that a copy has been sent." (Docket No. 90 at 3). Contrary to Plaintiff's suggestion, the Motion to Dismiss filed by those Defendant does, in fact, contain a certificate of service which states that service was made by United States Mail for those parties not in the Court's ECF filing system. (Docket No. 70 at 23).

Regardless, even if Plaintiff did not receive a copy of the Motion to Dismiss, the issue before the Magistrate Judge was whether the Complaint stated a plausible claim for relief, and not, as Plaintiff contends, whether he could prove any set of facts which would entitle him to relief under Conley v. Gibson, 355 U.S. 41 (1957). See, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561 (2007) (abrogating Conley's "no set of facts" standard). Plaintiff certainly had an opportunity to present his arguments as to why dismissal is inappropriate in the 30-pages of objections he has filed, but instead spent much of his time on matters wholly unrelated to the merit of his claims, including

purportedly appointing three of the four active judges and one of the senior judges of this district as his trustees, claiming that Defendant's "attorneys are not whom they claim to be," and discussing the fiduciary duties of public officials.

Turning to what is at issue, Plaintiff contends that Defendants lack standing, committed "fraud on the court," and presented "inadmissible evidence" in support of their Motion to Dismiss. Plaintiff's assertion regarding standing is curious given that Plaintiff sued Defendants and they are present in this Court because Plaintiff named them as Defendants. Insofar as Plaintiff's position is that MERS lacked "standing" to foreclose on his home, the Magistrate Judge properly noted that MERS can, in fact, act as a nominee for a lender. (Docket No. 87 at 10, collecting cases).

As for the arguments that Defendants utilized inadmissible evidence and committed fraud on the court, Plaintiff's invocation of the exclusionary rule under the Fourth Amendment is inappropriate in this civil case. Further, while Plaintiff inserts copies of what he claims are "fraudulent documents" into the body of his Objections, he never establishes how those documents are fraudulent.

In order to survive a Motion to Dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual allegations in the Complaint must "raise a right to relief above the speculative level," and must contain facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1965 & 1974 (2007). Plaintiff fails to show a plausible claim for relief, and, therefore, the Magistrate Judge was correct in recommending dismissal of Plaintiff's Complaint.

Accordingly, the Court rules as follows:

(1) The Reports and Recommendations (Docket Nos. 86 & 87) are hereby ACCEPTED and

APPROVED;

(2) Plaintiff's Objection (Docket No. 90) to the Report and Recommendation relating to the Motion to Dismiss filed by Defendants Mortgage Electronic Registration Systems, Inc., MERSCORP, Inc., and CitiMortgage, Inc. are hereby OVERRULED;

(3) The Motions to Dismiss filed by Defendants (Docket Nos. 30 & 70) are hereby GRANTED and Plaintiff's Complaint is hereby DISMISSED WITH PREJUDICE;

(4) The "Notice of Lis Pendens and Notice of Action Pending" placed on the subject property by Plaintiff on March 24, 2011 is hereby TERMINATED; and

(5) The Clerk of this Court is hereby DIRECTED (a) to send a copy of this Order reflecting the termination of the "Notice of Lis Pendens and Notice of Action Pending" to the Wilson County Register of Deeds; and (b) to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE